[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff appeals the decision of the Commissioner of Motor Vehicles suspending his motor vehicle operator's license pursuant to the implied consent provision of General Statutes § 14-227b.
On November 30, 1996, the Plaintiff was involved in a one car accident in which his vehicle left the traveled portion of Route 2, a public highway, and plunged thirty feet into a ditch. A Connecticut State trooper dispatched to the scene encountered the Plaintiff who presented, with a strong odor of alcohol on his breath, red bloodshot eyes and slurred speech. The Plaintiff reported consuming five beers and a shot of vodka. The trooper administered field sobriety tests, which the Plaintiff failed. The Plaintiff was arrested for operating under the influence in violation of General Statutes § 14-227a. The Plaintiff was advised of his Miranda rights (Miranda v. Arizona, 384 U.S. 436
(1966)), and an ambulance was called so that a slight head injury suffered by the Plaintiff could be treated.
The Plaintiff was transported to St. Francis Hospital. At the hospital, the trooper read to the Plaintiff his implied consent advisory. The Plaintiff declined to telephone an attorney.
The arresting officer in his A-44 report indicated that the Plaintiff had declined to take a urine test. (Ex. A.) The report indicated that Nurse Race of St. Francis Hospital had witnessed the refusal,[1] and the report was endorsed by her.
Nurse Race was the only witness at the administrative hearing. Nurse Race recalled the Plaintiff refusing to be tested for "alcohol level," but does not recall what type of test was being discussed with the officer.
The Plaintiff argues that the requirements of General CT Page 5183 Statutes § 14-227b(c) were not met because the required witness did not recall the specific type of testing which was refused. The Plaintiff notes that an operator may refuse a blood test pursuant to General Statutes § 14-227b(b); and speculates that a permissible refusal may have occurred.
The A-44 report is proper evidence and may constitute sufficient evidence even in the face of contradictory evidence. Schallenkamp v. DelPonte, 229 Conn. 31 (1994). The report indicated that the officer had selected a urine test. Nurse Race signed such form and her testimony was not inconsistent with such endorsement. A fair characterization of her testimony was that she observed the Plaintiff continuously refusing any alcohol level testing.
The Plaintiff at oral argument waived his claims as to the attachments to the A-44[2] report and the Department of Motor Vehicle Regulations.
The Plaintiff contests the introduction of copies of the A-44 report into evidence without his opportunity to review the originals in accordance with § 4-178 (4). Plaintiff asserts that the copies were difficult to read in part. However, the hearing officer and the court were able to read the entire copy. Plaintiff did not seek a continuance or subpoena the original records. He did not request that the hearing officer read any unclear portion into the record. He also offers no claim of prejudice.
This appeal is brought pursuant to the Uniform Administrative procedure Act (UAPA) specifically § 4-483. Section 4-183 (j) provides that; "The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced. . . ."
The Plaintiff's remaining claim is that the hearing officer's decision was not signed in contravention of § 14-137-38
(p)(1) of the Regulations of Connecticut State Agencies. Here again there is no claim of prejudice. Also, the evidence indicates that a singed and dated written decision was made by the hearing officer (Supplemental Exhibit 1). The fact that the signed and dated hand written decision generates a computer printed decision which the CT Page 5184 operator receives, does not violate 14-137-38 (p)(1) or prejudice the operator. Also, see Stasulli v. Goldberg,
Docket No. CV93-0704202, judicial district of Hartford-New Britain at Hartford, Maloney, J. (1994), 1994 WL 34245.
The appeal is dismissed.
Robert F. McWeeny, J.